UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:88-cr-74 (JCH) |
| | : | |
| RICHARD VAZZANO, | : | DECEMBER 2, 2008 |
| Defendant. | : | |

**RULING AND ORDER RE: DEFENDANT'S MOTION TO QUASH INTERROGATORIES AND TO RELEASE LIEN [Doc. No. 1]**

**I.    INTRODUCTION**

On September 10, 2008, plaintiff, the United States of America ("the government"), served a series of interrogatories and requests for production on defendant, Richard Vazzano. The government seeks information relating to Vazzano's finances in connection with what it alleges to be an unpaid fine stemming from Vazzano's 1989 conviction for distribution of cocaine. The government also holds a lien for the amount of the alleged fine on real property owned by Vazzano at 1410 Huntington Turnpike, Trumbull, CT 06611.

Vazzano has moved to quash the government's interrogatories and for an order directing the government to release the lien [Doc. No. 1], on the theory that the alleged fine was actually a condition of supervised release, and therefore he was freed from any obligation to pay the amount in question when his supervised release was terminated. The court agrees.

For the reasons stated below, Vazzano's Motion to Quash Interrogatories and to Release Lien [Doc. No. 1] is **GRANTED**.

## II. BACKGROUND

On June 15, 1989, Vazzano was sentenced to a term of 36 months imprisonment, followed by a six-year term of supervised release, for violation of 21 U.S.C. § 845(a), distribution of cocaine. See June 19, 1989 Judgment, Exhibit C to Defendant's Motion to Quash Interrogatories, ("1989 Judgment") at 1. The court imposed no fine, but required a special assessment of $50.00. Id. at 1, 6.

Page three of the 1989 Judgment set forth the terms of Vazzano's supervised release. Id. at 3. After noting that "the defendant shall be on supervised release for a term of six years," the Judgment lists a number of standard conditions of supervised release. Id. In addition to these standard conditions, it states that, "[t]he defendant shall comply with the following additional conditions: 1) the defendant is not possess [sic] any weapons; 2) the defendant is to provide the U.S. Probation Office with financial information; 3) the defendant is to participate in a substance abuse program; and 4) the cost of supervised release is imposed at the rate of $91.66 per month." Id.

On March 6, 1992, Vazzano was released from prison and began serving his six-year term of supervised release. See Motion to Quash at 2. From 1993 to 1994, Vazzano paid $1400.00 in monthly or near-monthly installments for the cost of his supervised release. See Exhibit D to Motion to Quash at 8. On April 12, 1996, the court revoked Vazzano's supervised release and sentenced him to an additional three months imprisonment. See Motion to Quash at 2. No fine was imposed on Vazzano when his supervised release was revoked, and no additional term of supervised release was ordered. See Id.

On February 6, 2008, Vazzano received a letter from the United States Attorney

for the District of Connecticut, demanding payment for the cost of the supervised release stemming from his 1989 conviction.  See Exhibit E to Motion to Quash.  The letter indicated that, as of February 26, 2008, Vazzano owed the government $9306.37, a figure it derived by calculating $6599.52 (or $91.66 per month for 72 months of supervised release) at 5.28% interest per annum since 1989.  In its October 20, 2008 Objection to Defendant's Motion to Quash, the government updated this figure to fully credit Vazzano's previous payment of $1400.00, and to fully reflect the interest accrued.  See Objection to Motion to Quash at 5.  As of October 20, 2008, the government calculated Vazzano's outstanding debt to be $13875.39, with interest continuing to accrue at $1.16 per day.  See id.

## III. DISCUSSION

The central issue in this action is the proper characterization of the court's imposition of the cost of supervised release.  If, as the government argues, the cost of supervision is properly classified as a criminal fine, then under 18 U.S.C. § 3613(b), Vazzano is liable for the fine for 20 years after his release from imprisonment, and the government is justified in demanding that Vazzano pay the outstanding balance and answer the interrogatories.  On the other hand, if, as Vazzano contends, the cost of supervision was imposed as a condition of supervised release, then the court relinquished authority to enforce the condition when it revoked Vazzano's supervised release on April 12, 1996, and Vazzano cannot be forced either to pay that cost or to answer the interrogatories.

The relevant statutes provide little direction.  Turning first to the United States Sentencing Guidelines, as the Second Circuit explained in United States v. Mordini, 366

F.3d 93 (2d Cir. 2004):

> United States Sentencing Guideline ("U.S.S.G") § 5E1.2 provides for fines for individual defendants. Prior to its amendment in 1997, U.S.S.G. § 5E1.2(i) provided that "the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered."[1] In 1997, the guidelines were amended so that costs of supervision or imprisonment would no longer be assessed in isolation from the defendant's punitive fine. As reflected in the revised guideline, § 5E1.2(d)(7), costs of imprisonment and supervision are now supposed to be one among several factors considered in determining the defendant's fine. See U.S.S.G., app. C, vol. 1, amend. 572, at 539-40.

Id. at 94. The use of the word "fine" in the pre-1997 U.S.S.G. § 5E1.2 clearly indicates that, in sentencing Vazzano, the court could have imposed the cost of supervision as a criminal fine rather than a condition of supervised release. Under 18 U.S.C. § 3583(d), however, the court also had broad discretion to order, as a condition of supervised release, "any . . . condition it consider[ed] to be appropriate." Consequently, it appears that, based on the statutory paradigm in place at the time, the cost of supervision may have been properly imposed either as a fine or as a condition of supervised release.

The court is unaware of any binding caselaw that specifically requires the cost of Vazzano's supervision to be classified either as a criminal fine or a condition of supervised release. When discussing the issue, the Second Circuit has often referred to the obligation to pay the cost of supervision as a "fine," see, e.g., Mordini, 366 F.3d at 95 (2d Cir. 2004) (stating, "We, therefore, issue a limited remand for the purpose of assessing a fine against the defendant which reflects his costs of supervision . . . ")

---

[1] The first clause of Section 5E1.2(i) is omitted. The full section reads: "Notwithstanding of the provisions of subsection (c) of this section, but subject to the provisions of subsection (f) herein, the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." Section 5E1.2(f) provides that a court may waive a fine if the defendant is indigent, which is precisely what Judge Eginton did in this case. See Transcript, June 15, 1989, at 57.

(emphasis added).  However, the Second Circuit has also referred to fines and the cost of supervision in the disjunctive, see, e.g., United States of America v. Kinlock, 174 F.3d 297, 299 (2d Cir. 1999) (holding, "The court did not impose a fine or the cost of incarceration and supervised release") (emphasis added), suggesting that they are to be understood as two discrete concepts.

Some courts that have addressed the issue have deferred to the judgment of the sentencing court.  See United States of America v. O'Quinn, 1995 U.S. App. LEXIS 9835 (4th Cir. 1995) (holding, "[defendants'] judgements clearly state that the imposition of costs was not imposed as a fine, but was a condition of supervised release pursuant to the court's broad discretion under 18 U.S.C. § 3583(d).  Therefore, U.S.S.G. § 5E1.2(i) and 18 U.S.C. § 3572, which relate to the imposition of fines, are inapplicable to their judgments"); see also United States of America v. Ortiz, 554 F. Supp. 2d 134, 136-7 (D.P.R. 2007) (holding, "[defendant's] cost of supervision was not imposed as a fine but was a condition of supervised release").  Given the absence of a clear statutory solution and the lack of binding authority, the court finds deference to the sentencing court entirely reasonable.

In the present case, It is quite clear that the sentencing court imposed the cost of supervision as a condition of supervised release rather than as a fine.  Most persuasively, on the third page of the 1989 Judgment, the court stated that, "[t]he defendant shall comply with the following additional conditions [of supervised release]: . . . the cost of supervised release is imposed at the rate of $91.66 per month."  1989 Judgment at 3.  This can be contrasted with the sixth page of the 1989 Judgment, where the court would normally record a criminal fine (captioned "Fine with Special

Assessment"). Other than the entry of Vazzano's name and case number, the sixth page was left blank. Id. at 6. Further, in imposing sentence, Judge Eginton stated on the record, "I'm not going to impose any fine because your circumstances do not indicate that a fine would be appropriate. You don't have the ability to pay it." Transcript, June 15, 1989, at 57. As a result, the court finds that the cost of supervision was imposed on Vazzano as a condition of supervised release, rather than as a criminal fine.

Under 18 U.S.C. § 3583(i), "The power of the court . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such violation." Consequently, had the government recorded a lien or otherwise sought to enforce its right to collect from Vazzano before his supervised release was revoked in 1996, the court would retain jurisdiction. See, e.g., United States v. Morales, 45 F.3d 693, 701-702 (2d Cir. 1995) (concluding that the district court did not err in retaining jurisdiction after supervised release was scheduled to expire when a petition, summons, and order to show cause relating to a violation were all filed during the original term of supervised release). There is no indication, however, that the government took any such steps prior to 2008. As a result, this court does not have jurisdiction to order Vazzano to answer the government's interrogatories nor pay the costs of his supervised release.

**IV. CONCLUSION**

For the reasons discussed herein, the defendant's Motion to Quash

Interrogatories and Motion to Release Lien [Doc. No. 1] is **GRANTED**.  Accordingly, the plaintiff is **ORDERED** to release the lien it has filed on defendant's real property located in Trumbull, Connecticut.  The Clerk is directed to close this case.

**SO ORDERED**.

Dated this 2nd day of December, 2008, at Bridgeport, Connecticut.

     /s/ Janet C. Hall
Janet C. Hall
United States District Judge