UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|     Plaintiff, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:88-cr-74 (JCH) |
| | : | |
| RICHARD VAZZANO, | : | DECEMBER 17, 2008 |
|     Defendant. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. No. 13]**

**I.**  **INTRODUCTION**

On September 10, 2008, plaintiff, the United States of America ("the government"), served a series of interrogatories and requests for production on defendant, Richard Vazzano. The government sought information relating to Vazzano's finances in connection with what it alleges to be an unpaid fine stemming from Vazzano's 1989 conviction for distribution of cocaine. The government held a lien for the amount of the alleged fine on real property owned by Vazzano at 1410 Huntington Turnpike, Trumbull, CT 06611.

On October 14, 2008, Vazzano moved to quash the government's interrogatories and for an order directing the government to release the lien [Doc. No. 1], on the theory that the alleged fine was actually a condition of supervised release, and therefore he was freed from any obligation to pay the amount in question when his supervised release was terminated. In a December 2, 2008 ruling, this court agreed with Vazzano, granted his Motion to Quash, and ordered the government to release the lien. The government now brings a Motion for Reconsideration. For the reasons discussed herein, the plaintiff's Motion for Reconsideration [Doc. No. 13] is **DENIED**.

-1-

## II. DISCUSSION

The standard for a motion to reconsider is strict. Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion should not be granted where the moving party seeks solely to relitigate an issue already decided. Id. A motion to reconsider is proper, however, when the moving party can point to controlling decisions or data that the court overlooked. Id. The government has pointed to no such controlling decisions or overlooked data, and accordingly, reconsideration is not warranted.

Nonetheless, the government notes an error in the court's December 2, 2008 ruling which requires clarification. On page six of that order, the court stated that, "had the government recorded a lien or otherwise sought to enforce its right to collect from Vazzano before his supervised release was revoked in 1996, the court would retain jurisdiction." See Doc. No. 11. The relevant statute is clear, however, that a court retains jurisdiction over a violation of supervised release beyond the expiration the supervised release if, before expiration, "a warrant or summons has been issued on the basis of an allegation of such violation." 18 U.S.C. § 3583(i). In the present case, the court knows of no such warrant or summons. Thus, the court does not have jurisdiction to order Vazzano to answer the government's interrogatories nor pay the costs of his supervised release.

## III. CONCLUSION

For the reasons discussed herein, the plaintiff's Motion for Reconsideration [Doc. No. 13] is **DENIED**.

**SO ORDERED**.

Dated this 17th day of December, 2008, at Bridgeport, Connecticut.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge